**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
XIANGHE COUNTY YIBANG FURNITURE
CO., LTD., JINYU FENG and GUIYAN LI,

                                    *Plaintiffs*,

            -against-


HONG LIU, GOGU, INC., RICHARD GERZOFF,
FRANK'S REST. INC. d/b/a FRANK'S STEAKS,
and JOHN DOE,

                                    *Defendants*.
--------------------------------------------------------------------X
HONG LIU and GOGU, INC.,

                            *Counterclaim Plaintiffs*,


            -against-


XIANGHE COUNTY YIBANG FURNITURE
CO., LTD, JINYU FENG and GUIYAN LI,

                            *Counterclaim Defendants*.
--------------------------------------------------------------------X
HONG LIU and GOGU, INC.,

                            *Third-Party Plaintiffs*,


            -against-


KLASKO IMMIGRATION LAW PARTNERS, LLP
FANKAI OLIVER YANG, and JAY L. YACKOW,


                            *Third-Party Defendants*.
--------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
20-cv-5267 (NJC) (JMW)

**A P P E A R A N C E S:**

**John James Janiec, Esq.**
260 Madison Ave
15th Floor
New York, NY 10016
*Attorney for Plaintiffs*

Adam Brad Sherman, Esq.
**Jacobs P.C.**
The Empire State Building
595 Madison Avenue
Ste 39th Floor
New York, NY 10022

     -and-

Ashish Kapoor, Esq.
**Kapoor Law Firm, PLLC**
400 Garden City Plaza
Suite 432
Garden City, NY 11530
*Attorneys for Defendants/Third-Party Plaintiffs Hong Liu and Gogu, Inc.*

Thomas James Frank, Esq.
**The Frank Law Firm P.C.**
333 Glen Head Road
Suite 145
Old Brookville, NY 11545
*Attorney for Defendants Richard Gerzoff and Frank's Steaks*

Jay L. Yackow, Esq.
**Jay L. Yackow, Attorney at Law**
355 Post Avenue, Suite 201
Westbury, NY 11590
*Pro Se*

Aaron Michael Barham, Esq.
Jason H. Seiler, Esq.
**Furman Kornfeld & Brennan, LLP**
61 Broadway, 26th Floor
New York, NY 10006
*Attorneys for Third-Party Defendants Klasko Immigration Partners, LLP
and Fankai Oliver Yang*

Mehreen Hayat, Esq.
**Fuchs Rosenzweig PLLC**
11 Broadway
Ste 570
New York, NY 10004
*Attorney for Fankai Oliver Yang*


**WICKS**, Magistrate Judge:

Plaintiffs, Xianghe County Yibang Furniture Co., Ltd. ("Xianghe"), Jinyu Feng, and

Guyan Li ("Plaintiffs") commenced this action on November 2, 2020, alleging: (i) recission –

false and misleading statements, (ii) recission – failure of consideration, (iii) fraud, and (iv)

punitive damages against Defendants Hong Liu, Gogu, Inc., Nicholas Drossos,[1] Richard

Gerzoff, Frank's Rest. Inc. d/b/a Frank's Steaks ("Frank's Steaks"), and John "Doe"

(collectively, "Defendants"), arising out of the Shareholders' Agreement, a Purchase and Sale

Agreement, a Promissory Note, and a Payment Direction Agreement (the "Transaction

Agreements") entered into by Plaintiff Xianghe to receive an ownership interest in Frank's

Steaks. (ECF No. 1 at ¶ 19.) Specifically, Plaintiffs seek to rescind the Transaction Agreements

and claim Defendants misrepresented material facts in connection with the Agreements, and

"combined, conspired, and entered into a scheme and artifice to defraud Plaintiffs of at least

$500,000.00, by taking advantage of Plaintiffs' desire to obtain L-1 category visa." (*Id.*)

On September 7, 2021, Defendants/Third-Party Plaintiffs Hong Liu and Gogu, Inc. filed

a Third-Party Complaint against Third-Party Defendants Klasko Immigration Law Partners,

LLP, Fankai Oliver Yang, and attorney Jay L. Yackow ("Yackow") ("Third-Party Defendants")

for contribution "based on their malpractice regarding their legal advice and legal work with

---

[1] Defendant Nicholos Drossos was terminated from the action on October 12, 2023. (*See* Electronic Order dated October 12, 2023.)

respect to Plaintiff Li's attempt to obtain and L-1A visa" and based on Yackow's alleged "malpractice, fraud and negligent misrepresentation . . . regarding the transactional documents at issue in this action, which he alone drafted." (ECF No. 41 at ¶ 3.) Following unsuccessful settlement discussions (*see* Electronic Order dated May 11, 2022), Plaintiffs filed their First Motion to Amend the Complaint on September 23, 2022. (ECF No. 74.) The parties subsequently informed the Court that Defendant Richard Gerzoff had filed for bankruptcy (ECF No. 78), and the undersigned initiated a stay of all proceedings on November 17, 2022 (ECF No. 82), withdrawing Plaintiffs' Motion to Amend without prejudice and allowing for reinstatement following the expiration of the stay, which expired on August 4, 2023. (ECF No. 89.)

Now before the Court is Plaintiffs' renewed Motion to Amend the Complaint (ECF No. 94), which is opposed by Defendants/Third-Party Plaintiffs Hong Liu and Gogu, Inc. (ECF No. 94-8). For the reasons stated herein, the undersigned respectfully recommends Plaintiffs' Motion Amend the Complaint (ECF No. 94) be **GRANTED** *in part* and **DENIED** *in part*.[2]

## BACKGROUND

### I.    Factual and Procedural Background

In their Complaint, Plaintiffs allege the Transaction Agreements were executed between Xianghe, by Guiyan Li, its president, and Defendants Frank's Steaks, and its individual owners,

---

[2] There is disagreement within this Circuit as to whether the denial of a motion to amend is considered dispositive matter. "Some courts 'have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.'" *Thompson v. Spota*, No. 14-CV-2473 (JMA) (AKT), 2015 U.S. Dist. LEXIS 92053, 2015 WL 4389931, at *1 (E.D.N.Y. July 15, 2015) (citing *Tyree v. Zenk*, No. 05-CV-2998, 2009 U.S. Dist. LEXIS 43872, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009)). Out of an abundance of caution, the undersigned proceeds by Report and Recommendation rather than by order. *See Domni v. Cnty. of Nassau*, No. 19-CV-00083 (JMA) (LGD), 2022 U.S. Dist. LEXIS 207184, 2022 WL 16950055, at *1 (E.D.N.Y. Nov. 14, 2022) (reviewing de novo the denial of a motion to amend "[f]or the avoidance of doubt").

Richard Gerzof and Nicholas Drossos in order for Plaintiffs to ultimately obtain ownership interest in Frank's Steaks and to obtain an L-1 category visa.[3] (ECF No. 1 at ¶¶ 20-21.) The Transaction Agreements included a "Stock Purchase and Sale Agreement," which was also executed by Defendants Gogu, Inc., and Hong Liu, its president. (*Id*. at ¶¶ 112-124.) Plaintiffs seek to rescind the Transaction Agreements and the return of $500,000.00 that Plaintiff Xianghe paid to Frank's Steaks pursuant to a Shareholders' Agreement, "which purported to sell a 51% interest in Frank's Steaks to Xianghe." (*Id*.)

Plaintiffs allege the Stock Purchase and Sale Agreement was executed contemporaneously with the Shareholders' Agreement and simultaneously re-sold 36% of the interest that Xianghe had just acquired in Frank's Steaks through the Shareholders' Agreement to Defendants Gerzof and Drossos, individually, with Xianghe's remaining 15% interest being sold to Defendant/Third-Party Plaintiff Gogu, Inc. (*Id*.) In exchange for the sale of 15% of Xianghe's interest in Frank's Steaks, Plaintiffs allege Gogu, Inc. promised to pay Xianghe $200,000 without interest, due on the maturity date of a "Promissory Note" that was signed by Gerzof and Drossos. (*Id*.) Plaintiffs claim the Promissory Note was a non-recourse promissory note in the principal amount of $300,000.00, which was to be repaid over a period of 48 months at 12% interest. (*Id*.) Plaintiffs further allege that in a "Payment Direction Agreement," Gogu, Inc. was to receive a portion (approximately 21%) of the monthly payments that were to be paid by Gerzof and Drossos to Xianghe during the repayment term. (*Id*.)

---

[3] The L-1A nonimmigrant classification "enables a U.S. employer to transfer an executive or manager from one of its affiliated foreign offices to one of its offices in the United States. This classification also enables a foreign company that does not yet have an affiliated U.S. office to send an executive or manager to the United States with the purpose of establishing one." *See L-1A Intracompany Transferee Executive or Manager*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/working-in-the-united-states/temporary-workers/l-1a-intracompany-transferee-executive-or-manager.

Plaintiffs assert that the "net result" execution of the Transaction Agreements was that: (i) Drossos and Gerzof retained a combined 85% interest in all of the issued and outstanding shares of Frank's Steaks, (ii) Gogu, Inc. held a 15% interest, and (iii) Xianghe, after paying $500,000 to Frank's Steaks, held a 0% ownership interest, had no control over its operations, and during the repayment term, would receive no interest on $200,000 of the $500,000 it had advanced to Frank's Steaks. (*Id*.) Plaintiffs further claim that the Transaction Agreements failed to provide a sufficient basis to support an application for the issuance of a category L-1 visa on behalf of Xianghe, "which was central to Plaintiffs entering into the transaction in the first instance." (ECF No. 94-4 at 5.) In addition to recission of the Agreements, Plaintiffs seek damages for fraud resulting from "the numerous false, fraudulent, and material misrepresentations of fact that were knowingly made by [D]efendants while acting in concert to induce [P]laintiffs to execute the transaction documents and pay $500,000 to Frank's Steaks" (ECF No. 1 at ¶¶ 22, 125-129), and an award of punitive damages against Defendants for "intentional and deliberate actions of the defendants to enrich themselves." (*Id*. at ¶¶ 23, 130-132.)

On March 23, 2021, the Court issued an Initial Case Management and Scheduling Order, which set the deadline to initiate the process for joinder of additional parties and/or amendment of pleadings for July 23, 2021. (ECF No. 23.) On June 2, 2021, the case was reassigned from Magistrate Judge A. Kathleen Tomlinson to the undersigned. (*See* Electronic Order dated June 2, 2021.) On September 7, 2021, Defendants/Third Party Plaintiffs filed a Third-Party Complaint against Klasko Immigration Partners, LLP, Jay Yackow, and Fankai Oliver Yang. (ECF No. 41.) On September 30, 2021, "following discussion with counsel and in light of the third-party action being commenced," the Court adopted a revised Scheduling Order, which

extended the deadline to file a motion to amend the pleadings to November 19, 2021. (ECF No. 53 at 2.) On December 20, 2021, Plaintiffs notified the Court of the death of Defendant Nicholas Drossos. (ECF No. 58.) On March 8, 2022, Plaintiff made an oral application for an extension of time to file a motion pursuant to Rule 25(a), to substitute Mr. Drossos, which the undersigned granted, and directed the motion to substitute to be filed by May 31, 2022. (ECF No. 66.) On May 11, 2022, the undersigned conducted a Settlement Conference, and a settlement was not reached. (*See* Electronic Order dated May 11, 2022.)

On May 31, 2022, Plaintiffs filed their First Motion to Substitute Defendant Drossos with his spouse, Jiwon Drossos (ECF No. 68), which was denied by the undersigned without prejudice and with leave to renew. (ECF No. 71.)[4] On September 23, 2022, Plaintiffs filed their First Motion to Amend the Complaint. (ECF No. 74.) On November 7, 2022, Plaintiffs notified the Court that Counsel for Defendant Richard Gerzoff filed a Chapter 7 Voluntary Petition with the U.S. Bankruptcy Court for the Eastern District of New York, *In re Gerzoff*, No. 8-22-72846-ast (Bankr. E.D.N.Y filed Oct. 15, 2022). (*See* Electronic Order dated November 7, 2022.) The parties subsequently requested a stay of all proceedings in this case (ECF Nos. 78-81) in light of the bankruptcy proceeding, which was granted by the undersigned on November 17, 2022. (ECF No. 82.) The undersigned deemed Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 74) "withdrawn without prejudice to reinstatement following the expiration of the stay." (*Id*.) The stay remained in effect until August 4, 2023. (ECF No. 89.) On October 11, 2023, District Judge Joanna Seybert[5] dismissed Defendant Drossos from this action without prejudice

---

[4] Plaintiffs' time to move pursuant to Fed. R. Civ. P. 25 to substitute Defendant Drossos was ultimately extended to October 9, 2023 by the undersigned. (*See* Electronic Order dated July 24, 2023.)
[5] This case was reassigned to District Judge Nusrat Jahan Choudhury on October 19, 2023. (*See* Electronic Order dated October 19, 2023.)

and directed the Clerk of the Court to terminate Drossos as a party. (*See* Electronic Order dated

October 11, 2023.) Judge Seybert noted:

> In accordance with Magistrate Judge Wicks' July 24, 2023 Order, Plaintiffs had until October 9, 2023, to move pursuant to Federal Rule of Civil Procedure 25 to substitute the deceased Defendant Drossos with the proper party; Plaintiffs have failed to timely do so. (*See* Case Docket, *in toto*; *see also* Oct. 3, 2023 Status Report, ECF No. 91); Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). Accordingly, Drossos is dismissed without prejudice from this action.

(*Id.*) The next day, Drossos was terminated from the action. (*See* Electronic Order dated October

12, 2023.) On November 29, 2023, the parties appeared for a Status Conference before the

undersigned, who directed counsel for Plaintiffs to serve Plaintiffs' renewed motion to amend

the complaint by December 12, 2024, and directed counsel to bundle file the motion in

accordance with the undersigned's rules by January 26, 2024. (ECF No. 92.) Plaintiffs' file their

renewed Motion to Amend the Complaint (ECF No. 94-4) on January 26, 2024, along with

Defendants/Third-Party Plaintiffs Hong Liu and Gogu, Inc.'s Response in Opposition (ECF No.

94-8), and Plaintiffs' Reply in Support (ECF No. 94-9.)

## II.    The Parties' Contentions

### A.    Plaintiffs' Motion to Amend

The proposed FAC ("FAC") seeks to: (i) withdraw Plaintiffs' claims against Defendants

for fraud and punitive damages, (ii) add Nicholas Drossos as a Defendant, and (iii) add a new

claim for unjust enrichment against Drossos and Defendants Frank's Steaks, Gerzof, and Gogu,

Inc., (iv) add three new claims – breach of fiduciary duty, negligent misrepresentation, and

constructive fraud – as against Defendant Hong Liu. (*See* ECF No. 94-2 at ¶¶ 8, 128, 133-139,

148.) The proposed FAC retains, without change, Plaintiffs' claims seeking recission of the

Transaction Agreements allegedly entered into between Xianghe and Frank's Steaks, Gerzof, Drossos, and Gogu, Inc., and further retains its request for an award of punitive damages, but not as a separate claim for relief. (*Id*. at ¶¶ 114-118, 120, 138.)

In support of their Motion, Plaintiffs argue that they have made the necessary showing of good cause for moving to amend the complaint after the deadline set by the undersigned.  (ECF No. 94-4 at 20.) *First*, Plaintiffs argue the factual basis for the "more specific claims" against Hong Liu, Gogu, Inc. and Frank's Steaks defendants "became clear to Plaintiffs following a review of the discovery material provided by the Third-Party Defendant Yackow in preparation for the May 11, 2022 Settlement Conference." (*Id*.) Plaintiffs contend "[t]his review put into sharp focus the role of [Defendant] Liu acting independently" from Frank's Steaks and Gogu, Inc. "in drafting the transaction documents in this case." (*Id*.) Plaintiffs contend "[n]o motion for leave to amend the complaint was made at that time pending the results of the Settlement Conference, and hopefully, the appointment of a Rule 25 successor" for Defendant Drossos. (*Id*.)

Plaintiffs argue that "as soon as it became evident that the settlement discussions would not bear fruit[,]" Plaintiffs provided a copy of their Proposed Amended Complaint for review and consent on May 17, 2022, and "soon after" this Court denied Plaintiffs' Motion for Substitution (ECF No. 71), Plaintiffs filed their initial motion to amend the complaint on September 23, 2022. (*Id*.; ECF No. 74.) In light of these circumstances, Plaintiffs maintain that they have shown the applicable November 19, 2021 deadline to move to amend the complaint (ECF No. 53 at 2) "'could not have been reasonably met.'" (ECF No. 94-2 at 21 (quoting *Jipeng Du v. Wan Sang Chow*, No. 18CV1692ADSAKT, 2019 WL 3767536, at *3 (E.D.N.Y. Aug. 9, 2019)).

*Second*, Plaintiffs argue the proposed amendments would not prejudice Defendants because "there would not be an increase in expense due to increased discovery, nor would the proceedings be delayed" as a result of the amendments. (*Id*. at 22.) Plaintiffs maintain that Defendants "were on notice at an early stage in the litigation of the claims sought to be added." (*Id*.) *Finally*, Plaintiffs contend that the proposed amendments would not be futile, as the elements for the claims of breach of fiduciary duty, negligent misrepresentation, and constructive fraud as against Defendant Hong Liu have been met. (*Id*. at 22-23.)[6]

### B.   Defendants' Response in Opposition

In response, Defendants/Third-Party Plaintiffs Hong Liu and Gogu, Inc. (hereafter, the "Liu Defendants") argue that Plaintiffs' contention that their motion to amend after the deadline should be granted "because of new facts purportedly only uncovered through responses to discovery demands recently received" – specifically, the documents Plaintiffs received from Third-Party Defendant Yackow prior to the Settlement Conference, is without merit. (ECF No. 94-8 at 5-6.) Defendants contend that the responses from Yackow, which Plaintiffs received on March 1, 2022, "contained 377 pages, the majority of which were already contained in responses from the Liu Defendants on March 16, 2021 and September 3, 2021 (768 pages); from Nicholas Drossos, Richard Gerzof and Frank's Steaks on June 21, 2021 (806 pages) and from Plaintiffs themselves on March 16, 2021 and June 17, 2021 (2,413 pages)." (*Id.* at 6.) Defendants argue that at the time amended pleadings were to be filed, on November 19, 2021, "Plaintiffs were in possession of at least 4,000 pages of relevant documents. . . [and] therefore

---

[6] Plaintiffs do not conduct a legal analysis of the elements of the claims and do not address whether the proposed addition of the unjust enrichment claim would be futile. (*Id*.)

the responses from Yackow added little to no new facts sufficient to warrant amendment of the Complaint at this late juncture." (*Id.*)[7]

The Liu Defendants further argue that "the only substantive changes between the Complaint and the Proposed Amended Complaint lie in the claims themselves and not in the alleged facts." (*Id.*) Specifically, the Liu Defendants claim that Plaintiffs "wish to change their entire theory of the case based on documents they have been privy to for such a long time." (*Id.*) Should Plaintiffs' Motion be granted, the Liu Defendants maintain they "will be forced to restart the discovery process as they will have to defend entirely new claims with entirely new causes of action asserted against them, now including the breach of fiduciary duty, negligent misrepresentation and constructive fraud, all of which could have been asserted a long time ago, but were not . . . [which] is highly prejudicial to all parties, let alone the Liu Defendants, who have already spent tens of thousands of dollars defending this litigation." (*Id.*) Notably, the Liu Defendants do not oppose Plaintiffs' proposed amendments on futility grounds. *See generally*, ECF No. 94-8.

### C. Plaintiffs' Reply in Support

In their Reply, Plaintiffs first argue that they "lacked a sufficient factual basis to request leave to file an amendment to their original complaint" on the date fixed by the Court's scheduling order for the filing of an application for leave to amend the complaint. (ECF No. 94-9 at 4.) Plaintiffs argue it "was not until after March 1, 2022, when discovery provided by Third-Party Defendant Jay Yackow was being reviewed in preparation for the Settlement Conference," that Plaintiffs became aware that Defendants "were not acting together in a combined effort to

---

[7] The Liu Defendants argue although Plaintiffs attempt to "point the finger" more at Defendant Hong Liu in their Proposed Amended Complaint, the facts that Plaintiffs rely on to substantiate their claims in the Proposed Amended Complaint "are nearly identical" to the original Complaint. (*Id.* at 6.)

defraud Plaintiffs out of $500,000.00 but, instead, that each side was operating independently to advance their own self-interests." (*Id*.) Plaintiffs reiterate that no motion to amend was made at that time "because it was felt that a re-framing of the factual allegations contained in the complaint into individual claims against Hong Lou would not serve to advance the settlement process." (*Id*.)

In light of the "ongoing settlement discussion[,] the untimely death of Nicholas Drossos on December 9, 2021, and the delay that resulted from his death[,]" Plaintiffs argue they acted "without undue delay" in filing their original motion to amend. (*Id*.) Plaintiffs further reiterate that "[o]nce it was determined that the settlement efforts, although continuing, were not likely, [Plaintiffs provided] the parties with a copy of Plaintiffs' proposed amended complaint on May 17, 2022," served the parties Plaintiffs' original motion to amend on July 13, 2022, and thereafter filed the motion on ECF on September 23, 2022. (*Id.* at 4-5.) *Second*, Plaintiffs argue allowing the proposed amendments would not be prejudicial to the Liu Defendants, because: (i) document discovery has for the most part been completed, depositions, although presently scheduled to soon take place have yet to be taken; (ii) there are no changes in the proposed complaint to the facts of this case; (iii) there will be no "restarting of discovery" because document discovery of known documents has already been completed and party depositions have not yet been taken; and (iv) the proposed amendments "will add no expense at all to the Liu Defendants' cost of defense in this case above that which already would be incurred if the complaint were not amended." (*Id*. at 5.)

## THE LEGAL CONTEXT FOR MOTIONS TO AMEND GENERALLY

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), which provides that "[t]he court shall freely give leave

when justice so requires." Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Communs Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019) (internal quotations and citations omitted). The moving party must attach the proposed amended complaint to the motion, as was done here, specifying the new claims and/or parties intended to be added. *See Nabatkhorian v. County of Nassau*, No. 12-CV-1118 (JS) (GRB), 2012 WL 13113646, at *1 (E.D.N.Y. Aug. 9, 2012).

The Second Circuit has clarified the standard to be applied by the District Courts in considering motions for leave to amend dependent upon the timing of the proposed amendment:

> The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought. At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission. After that period ends— either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)—the plaintiff must move the court for leave to amend, but the court should grant such leave "freely . . . when justice so requires" pursuant to Rule 15(a)(2). This is a "liberal" and "permissive" standard, and the only "grounds on which denial of leave to amend has long been held proper" are upon a showing of "undue delay, bad faith, dilatory motive, [or] futility." The period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up [to] a showing of the "good cause" that is required to modify a scheduling order under Rule 16(b)(4).

13

*Sacerdote v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021); *Johnson v. Barnett Outdoors, LLC*, No. 21-CV-6311 (MJP), 2023 U.S. Dist. LEXIS 208011, at *4 (W.D.N.Y. Nov. 20, 2023) (stating that Rule 15(a)'s standard must be balanced with Rule 16(b)'s good cause standard).

To this end, under Rule 16(b), "good cause" is required to modify a scheduling order implemented by the Court. Fed. R. Civ. P. 16(b)(4); *Sacerdote,* 9 F.4th at 115 ("[T]he period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)"). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 340 (2d Cir. 2000).

"Although not raised by the parties, Rule 21 is implicated along with Rule 15 because Plaintiff[s] seek to add [an] additional defendant" who was previously terminated from this action – Nicholas Drossos. *Zucker v. Porteck Glob. Servs., Inc.*, No. 13-CV-2674 JS AKT, 2015 WL 6442414, at *5 (E.D.N.Y. Oct. 23, 2015). Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see id*. ("The same liberal standard afforded to motions to amend pursuant to Rule 15 is applicable to motions to add a new party pursuant to Rule 21."); *Jipeng Du*, No. 18CV1692ADSAKT, 2019 WL 3767536, at *5 (internal citations omitted) ("[L]eave to amend a complaint to assert claims against additional defendants should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.").

**DISCUSSION**

Plaintiffs request to amend their Complaint following the deadline imposed by the undersigned to: (i) add Nicholas Drossos as a Defendant, (iii) incorporate a new claim for unjust enrichment as against Drossos and Defendants Frank's Steaks, Gerzof, and Gogu, Inc., and (iii) incorporate three new claims – breach of fiduciary duty, negligent misrepresentation, and constructive fraud – as against Defendant Hong Liu. (*See* ECF No. 94-2 at ¶¶ 8, 128, 133-139, 148.). The opposition to the motion focuses on undue delay and prejudice, but not futility of the proposed amendment.

*Preliminarily*, the undersigned respectfully recommends Plaintiffs' Motion be denied with respect to the addition of Nicholas Drossos as a Defendant. Plaintiffs' Memorandum of Law in Support of their Motion to Amend (ECF No. 94-4) and Reply (ECF No. 94-9) solely address the addition of the proposed new claims and "fail[] to posit any arguments in support" of the proposed amended complaint's addition of Drossos as a Defendant. *Zucker*, No. 13-CV-2674 JS AKT, 2015 WL 6442414, at *6. As previously mentioned, Drossos was dismissed from this action and terminated due to Plaintiffs' failure to timely substitute him with the proper party. (*See* Electronic Order dated October 11, 2023.) The undersigned finds that Plaintiffs have otherwise "failed to demonstrate the requisite good cause that would warrant the addition of [Drossos] as a defendant at this late stage in the litigation." *Id.* at *7-8 (declining to allow the addition of a previously terminated defendant where plaintiff did not present good cause for the addition and the previously terminated defendant would be prejudiced by the addition).

As to Plaintiffs' second request to add an unjust enrichment claim as against Defendants Frank's Steaks, Gerzof, and Gogu, Inc., and third request to incorporate three new claims for breach of fiduciary duty, negligent misrepresentation, and constructive fraud as against

Defendant Hong Liu, however, the undersigned finds the instant motion is not unduly delayed, and the Liu Defendants have failed to meet their burden in showing those proposed amendments are unfairly prejudicial, and, therefore, respectfully recommends that Plaintiffs' Motion to Amend be granted in part with respect to those proposed amendments.

## I.    <u>Undue Delay</u>

A court may deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties." *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 1999) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)); *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, [] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."). Even years after the discovery deadline has passed, courts have nevertheless granted leave if the circumstances so warranted. *See, e.g.*, *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (affirming district court's decision to grant leave to amend despite four-year delay although plaintiff did not offer a reason for delay but central issue in case changed throughout the litigation); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514 (PAC) (HBP), 2010 WL 445192, at *10 (S.D.N.Y. Feb. 8, 2010) (granting motion to amend despite delay of at least six months and noting that "courts frequently grant leave to amend after much longer periods of delay").

However, "[c]ourts will find that a party has not acted diligently where the proposed amendment is based on information the party knew, or should have known, in advance of the motion deadline" and therefore must provide an explanation for the delay. *N.Y. SMSA Ltd. P'ship v. Town of Hempstead*, No. 10-CV-4997 (AKT), 2013 U.S. Dist. LEXIS 37833, at *12

(E.D.N.Y. Mar. 19, 2013); *see also Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016); *Johnson v. Barnett Outdoors, LLC*, No. 21-CV-6311 (MJP), 2023 U.S. Dist. LEXIS 208011, at *5 (W.D.N.Y. Nov. 20, 2023) (noting that the burden of showing diligence rests on the party seeking to amend).

Here, the undersigned finds Plaintiffs' Motion to Amend was not unduly delayed. Numerous factors led to the late filing – including the "ongoing settlement discussion[s]" between the parties, "the untimely death of Nicholas Drossos on December 9, 2021, and the delay that resulted from his death[,]" and Defendant Gerzoff's bankruptcy proceeding, which, as the Liu Defendants failed to mention, resulted in a stay of all proceedings in this case from November 17, 2022 to August 4, 2023. (ECF No. 82, 89). Indeed, Plaintiffs filed their First Motion to Amend on September 23, 2022, which the undersigned allowed for reinstatement following expiration of the stay (ECF No. 82), and subsequently timely filed their Motion to Amend on January 26, 2024 in accordance with the briefing schedule set by the undersigned on November 29, 2023. (ECF No. 92.)

Plaintiffs adequately articulate they could not file their First Motion to Amend in accordance with the initial scheduling order set by the undersigned because they "lacked a sufficient factual basis to request leave to file an amendment to their original complaint" on the date fixed by the court's scheduling order, because it "was not until after March 1, 2022, when discovery provided by Third-Party Defendant Jay Yackow was being reviewed in preparation for the Settlement Conference," that Plaintiffs became aware that Defendants "were not acting together in a combined effort to defraud Plaintiffs out of $500,000.00 but, instead, that each side was operating independently to advance their own self-interests." (ECF No. 94-9 at 4.) Moreover, Plaintiffs reiterate that no motion to amend was made at that time "because it was felt

that a re-framing of the factual allegations contained in the complaint into individual claims against Hong Lou would not serve to advance the settlement process." (*Id.*)

Once Plaintiffs "determined that the settlement efforts, although continuing, were not likely, [Plaintiffs provided] the parties with a copy of Plaintiffs' proposed amended complaint on May 17, 2022," served the parties Plaintiffs' original motion to amend on July 13, 2022, and thereafter filed the motion on ECF on September 23, 2022. (*Id.* at 4-5.) Accordingly, the undersigned finds Plaintiffs have shown their proposed amendments are based on information previously unavailable to them prior to the motion deadline (*Cf. N.Y. SMSA Ltd. P'ship*, No. 10-CV-4997 (AKT), 2013 U.S. Dist. LEXIS 37833, at *12) and Plaintiffs have otherwise presented a "satisfactory explanation for the delay." *See Grace*, 228 F.3d at 53-54; *Agerbrink*, 155 F. Supp. 3d at 453 (holding plaintiff "offered plausible explanations for the timing" of her late motion to amend where new discovery prompted the amendment and where the actions had been "intensively litigated to date"); *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 98 (S.D.N.Y. 2010) ("[A] change in litigation strategy is a legitimate reason for seeking to amend a pleading under the liberal standard of Rule 15(a)").

The crux of the Liu Defendants' undue delay argument is that Plaintiffs were "previously aware of the facts underlying [their] proposed amendments." *Agerbrink*, 155 F. Supp. 3d at 452; ECF No. 94-8 at 5-6 (Defendants argue at the time amended pleadings were to be filed on November 19, 2021 "Plaintiffs were in possession of at least 4,000 pages of relevant documents. . . [and] therefore the responses from Yackow added little to no new facts sufficient to warrant amendment of the Complaint at this late juncture.").  However, "[s]imply alleging that [Plaintiffs] could have moved to amend earlier than [they] did, however, is insufficient to demonstrate undue delay." *Id.*; *see also Dilworth v. Goldberg*, 914 F.Supp.2d 433, 460

(S.D.N.Y.2012) ("[T]he motion to amend will not be denied by reason of plaintiffs' delay in alleging facts that were previously within their knowledge").

Even if Plaintiffs had not offered a satisfactory explanation for the delay, "courts have allowed amendment despite similar—and even much longer—intervals between a party's discovery of relevant facts and filing of an amended pleading" *Id*. at 453 (collecting cases); *see also Richardson Greenshields Securities*, *Inc. v. Lau*, 825 F.2d 647, 653 Fn. 6 (2d Cir.1987) (citing cases where leave to amend was granted after delays ranging from two to five years); *Duling*, 265 F.R.D. at 97–98 ("[T]he timing of plaintiffs' motion does not appear to involve any significant level of delay, and, in any event, delay is rarely fatal to a Rule 15 motion if it can be explained . . . [a]lthough some explanation must be provided to excuse a delay. . . even vague or 'thin' reasons are sufficient, in the absence of prejudice or bad faith.").

## II.   <u>Undue Prejudice</u>

Prejudice to the nonmoving party is the most important factor in determining whether to grant a leave to amend and is often the "most frequent reason for denying leave to amend." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). However, it is only *undue* prejudice that would justify denial of a plaintiff's leave to amend. *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016). "With respect to 'undue prejudice,' courts consider whether amendment would: '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Alicea v. City of New York*, No. 1:16-CV-07347 (JLR), 2023 WL 3724131, at *3 (S.D.N.Y. May 30, 2023) (quoting *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993)). Notably, courts have found that "the longer the period of an unexplained delay, the less will be required of the

nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

*First*, the undersigned finds the proposed amendments would not require the Liu Defendants to "expend significant resources to conduct discovery and prepare for trial." *Alicea*, No. 1:16-CV-07347 (JLR), 2023 WL 3724131, at *3 (internal citations omitted). The Liu Defendants primarily contend that if Plaintiffs' proposed amendments are allowed, the Liu Defendants will "be forced to restart the discovery process as they will have to defend entirely new claims with entirely new causes of action asserted against them." (ECF No. 94-8 at 6.) However, Plaintiff's proposed additional claims for unjust enrichment, fiduciary duty, negligent misrepresentation, and constructive fraud "arise[] from the same facts pled" in the original Complaint, and the Liu Defendants "were [otherwise] on notice at an early stage in the litigation of the claims sought to be added." *See* ECF No. 94-2 at 22; *Agerbrink*, 155 F. Supp. 3d at 455 (internal citations omitted) (emphasis added) ("Whether a party had prior notice of a claim and whether the new claim arises from the *same transaction* as the claims in the original pleading are central to the undue prejudice analysis. This is because prejudice occurs if the opposing party would experience undue difficulty in defending a lawsuit because of a change in tactics or theories on the part of the movant.")

As Plaintiffs note, and the Liu Defendants concede, Plaintiffs' proposed additional claims are based on events and circumstances leading up to Plaintiffs' execution of the Transaction Agreements, as well as the provisions of the Transaction Agreements themselves, and therefore, the claims "substantially overlap[]" and are "foreshadowed" by Plaintiffs' existing claims for recission against all Defendants. *Agerbrink*, 155 F. Supp. 3d at 455–56 (holding defendants would not be prejudiced by plaintiffs proposed addition of an unjust

enrichment claim where "unjust enrichment claim arises from the same facts pled in the FAC"); ECF No. 94-8 at 6 (The Liu Defendants further argue that "the only substantive changes between the Complaint and the Proposed Amended Complaint lie in the claims themselves and not in the alleged facts."); *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 232 F.R.D. 169, 173 (S.D.N.Y. 2004) (finding that proposed amendments – including the addition of three new claims – will not require "substantial additional" discovery and would there not be prejudicial, since the new claims were premised on essentially the same facts as the original claim); *In re Smith*, 204 B.R. 358, 361 (Bankr. E.D.N.Y. 1997) (collecting cases) (allowing "Plaintiff's proposed amendment [alleging] a fraudulent conveyance claim based upon the same facts as those in the original complaint, which alleged a preferential transfer."); *Kelly v. Commc'ns Workers of Am.*, AFL-CIO, No. 122CV10923JGLCSDA, 2023 WL 6629565, at *2 (S.D.N.Y. Oct. 11, 2023) (allowing amendment where "Plaintiff's prior pleadings already contained allegations that Verizon had discriminated against Plaintiff" and "[i]n his proposed Second Amended Complaint, Plaintiff [sought to add] a legal claim based upon such allegations.")

The Liu Defendants' contention that Plaintiffs' proposed amendments would require the parties to "restart discovery" is also unavailing. *See* ECF No. 94-8 at 6. As Plaintiffs identify, "document discovery [of known documents] has for the most part been completed, [and] depositions, although presently scheduled to soon take place have yet to be taken, [and] there are no changes in the proposed complaint to the facts of this case." (ECF No. 94-9 at 4.) To this end, "[w]hile *some* additional discovery will certainly be necessary, the possibility that an amendment will require the expenditure of additional time, effort, or money does not constitute 'undue prejudice.'" *Agerbrink*, 155 F. Supp. 3d at 455 (internal citations omitted) (emphasis

added); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 CIV.1514 (PACHBP), 2010 WL 445192, at *12 (S.D.N.Y. Feb. 8, 2010) ("[T]he need to conduct additional discovery is not, in itself, sufficient to constitute prejudice . . . [any] prejudice that would flow from any additional required discovery can generally be mitigated by adjustments to the discovery schedule."); *United States v. Continental Ill. Nat'l Bank & Trust Co*., 889 F.2d 1248, 1255 (2d Cir.1989) (internal citations omitted) (holding "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); *A.V. by Versace, Inc. v. Gianni Versace S.p.A*., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (same).

 *Second*, the undersigned finds the proposed amendments would not significantly delay the resolution of the dispute. Plaintiffs filed their motion before the close of discovery, which is still underway, and depositions have not yet been taken. *See* ECF No. 92 (The end date of all fact discovery shall be April 30, 2024. Experts in Chief Disclosures shall be on or before May 31, 2024. Replies to Expert in Chief Disclosures shall be on or before June 28, 2024. The end date of expert discovery shall be on or before July 19, 2024.); *Agerbrink*, 155 F. Supp. 3d at 455 (finding while "amendment may warrant additional discovery, it should not significantly prolong the resolution of the action" where plaintiff filed her motion before the close of discovery, discovery was still underway and neither a summary judgment briefing schedule nor a trial date had been set); *A.V. by Versace, Inc.*, 87 F. Supp. 2d at 299 (amendment seeking to add additional claims would not "significantly delay the resolution of the dispute" where no trial date had yet been set, nor had discovery been completed); *Scott v. Chipotle Mexican Grill, Inc*., 300 F.R.D. 193, 200 (S.D.N.Y.2014) ("A court is more likely to find an amendment prejudicial if discovery has closed."). Accordingly, the undersigned finds Plaintiffs' Motion to Amend was not unduly delayed, and the Liu Defendants have otherwise failed to carry "their burden of

22

demonstrating they will be unduly prejudiced by the proposed amendments." *Agerbrink*, 155 F. Supp. 3d at 456.

## CONCLUSION

For the reasons stated herein, the undersigned respectfully recommends that Plaintiffs' Motion to Amend the Complaint (ECF No. 94) be **GRANTED** *in part* and **DENIED** *in part.*

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
April 9, 2024

SO  ORDERED:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

23