UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Xianghe County Yibang Furniture Co., Ltd., Jinyu Feng, and Guiyan Li,<br><br>         Plaintiffs,<br><br>    -v-<br><br>Hong Liu, Gogu, Inc., Richard Gerzoff, Frank's Rest. Inc. d/b/a/ Frank's Steaks, and John Doe,<br><br>         Defendants | |
| Hong Liu and Gogu, Inc.,<br><br>         Counterclaim Plaintiffs,<br><br>    -v-<br><br>Xianghe County Yibang Furniture Co., Ltd., Jinyu Feng, and Guiyan Li,<br><br>         Counterclaim Defendants | 2:20-cv-5267 (NJC) (JMW) |
| Hong Liu and Gogu, Inc.,<br><br>         Third-Party Plaintiffs,<br><br>    -v-<br><br>Klasko Immigration Law Partners, LLP, Frankai Oliver Ynag, and Jay L. Yackow,<br><br>         Third-Party Defendants | |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  On January 26, 2024, Plaintiffs Xianghe County Yibang Furniture Co., Ltd., Jinyu Feng,

and Guiyan Li (together "Plaintiffs"), filed a fully-briefed Motion to Amend the Complaint. (Mot., ECF Nos. 94, 94-1–10.) On April 9, 2024, Magistrate Judge Wicks issued a Report and Recommendation (the "R&R") recommending that Plaintiffs' Motion to Amend be granted in part and denied in part. (R&R, ECF No. 100.) A copy of the R&R was provided to all counsel via ECF. (*See id*. at 23.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days, *i.e.*, by April 23, 2024. (*Id*.) The date for filing any objections has thus expired, and no defendant has filed an objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, and grants in part and denies in part Plaintiffs' Motion to Amend.

The applicable standard of review depends on whether the Motion to Amend is dispositive or non-dispositive. If the Motion is dispositive, the Court reviews the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). If, on the other hand, the Motion is non-dispositive, the Court must determine whether the R&R is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

District courts in the Second Circuit are "divided about whether a motion for leave to amend a complaint is a dispositive or non-dispositive matter." *Allen v. United Parcel Serv., Inc.,* 988 F. Supp. 2d 293, 297 (E.D.N.Y. 2013). Some courts "have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." *Tyree v. Zenk,* No. 05–CV–2998, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009). Because the Court would reach the same conclusion under either standard of review, the Court does not resolve which standard applies.

Having conducted a review of the motion papers and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the

2

well-reasoned and thorough R&R in their entirety. Accordingly, the Court grants in part and denies in part Plaintiffs' Motion to Amend the Complaint. The Court denies the Motion to Amend with respect to Plaintiffs' proposed addition of Nicholas Drossos as a Defendant. The Court grants the Motion to Amend with respect to Plaintiffs' proposed addition of an unjust enrichment claim against Defendants Frank's Steaks, Gerzof, and Gogu, Inc., and of claims for breach of fiduciary duty, negligent misrepresentation, and constructive fraud against Defendant Hong Liu. Plaintiffs must file an Amended Complaint reflecting these changes by May 31, 2024.

Dated: Central Islip, New York
May 16, 2024

                                                                                             */s Nusrat J. Choudhury*
                                                                 NUSRAT J. CHOUDHURY
                                                                 United States District Judge